FIRST NATIONAL BANK OF MORRISON, Appellant, v. SAYER, Respondent.

(153 N. W. 652.)

(File No. 3727. Opinion filed July 16, 1915.)

1. **Negotiable Instruments—Note for Purchase Price—Indorsee in Due Course—Defense—Breach of Warranty—Pleading— Necessity of Counterclaim—Directed Verdict.**

In an action against an indorsee of a promissory note given for purchase money of a stallion, where the answer denies transfer in due course before maturity, and alleges breach of warranty under the sale, but there was no allegation or proof of fraud on the part of the vendors, held, that, there being no counterclaim for damages for breach of warranty, no defense to the note was alleged or proved, and it was immaterial whether plaintiff was such transferee; and plaintiff was entitled to a directed verdict.

Appeal from Circuit Court, Marshall County. Hon. FRANK McNULTY, Judge.

Action by the First National Bank of Morrison against Rose E. Sayer, upon a promissory note. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Reversed and remanded for further proceedings.

*M. J. Stavrin,* and *Byron Abbott,* for Appellant.

- No appearance on behalf of Respondent.

Appellant submitted that: There being no suspicious circumstances surrounding the endorsement and transfer of this paper, there was no question to be submitted to the jury, and the court should have granted plaintiff's motion for an instructed verdict.

SMITH, J. Action on a promissory note. The execution of the note is admitted in the answer, and it was undisputed that it was indorsed and delivered to the plaintiff, and was produced and offered in evidence by plaintiff at the trial. The answer denies that the note was transferred in due course before maturity, and alleges that the same was given as a part of the purchase price of a stallion bought from Champlin Bros., of Clinton, Iowa, with a warranty of soundness and as a foal-getter, and a breach of such warranty.

At the trial the defendant testified that she bought the stallion from Champlin Bros.; that the note was given as a part of the purchase price; that Champlin Bros. said "they would guarantee 60 per cent., and that he was perfectly sound. In case he was not sound, they would give her a chance to return the horse and take another horse." The defendant also offered testimony tending to show a breach of the warranty of soundness, and that the horse did not comply with the warranty as a foal-getter; also that the horse was of small value for breeding purposes, but that his market value would probably be $250. Defendant also testified that she still retained possession of the horse.

The answer does not allege, nor does the evidence tend to show, fraud on the part of Champlin Bros., nor does the defendant by her answer seek to recoup damages for the alleged breach of warranty.

At the close of all the evidence, plaintiff moved for a directed verdict, which was denied by the trial court. This ruling is assigned as error. Appellant also assigns as error the insufficiency of the evidence to sustain the verdict. Under the pleadings and evidence in the record, the trial court should have di-

rected a verdict for the plaintiff.  If it be assumed that there was a breach of warranty, it does not, under the pleadings and evidence in this case, constitute a defense to an action on the note.  The defendant having failed to allege or prove a valid defense or counterclaim, the issue as to whether the plaintiff was an indorsee in due course became wholly immaterial.  He was owner of the note, and entitled to maintain an action thereon, whether an innocent purchaser or not.  The principles involved are too elementary to require a citation of authorities.

The order and judgment of the trial court are reversed, and the cause remanded for further proceedings according to law:

WHITING, J., concurs in result.