PARK, Respondent, v. LATHAM et al., Appellants.
(156 N. W. 799.)

(File No. 3744.   Opinion filed March 13, 1916.)

Sales—Rescission—Action on Endorsed Purchase Money Note—Defense of Breach of Warranty—Failure to Rescind—Statute—Directed Verdict.

In a suit by an endorsee of a note given for part of purchase money of a horse, the answer admitted execution and delivery of note, alleged that the seller of the horse secretly made a written agreement releasing two of the makers from payment of the note, that there was a breach of warranty in the sale by reason of certain alleged false and fraudulent representations, and that the horse was not worth to exceed $1,000. There was no allegation in the answer, or testimony, that the horse was ever returned or offered to be restored upon discovery of the alleged fraud, and no counterclaim for damages. Held, that, under Civ. Code, Sec. 1285, requiring a party rescinding a contract to do so promptly upon discovery of the facts, etc., and to restore or offer to restore to the other party everything of value received from him under the contract, a verdict for plaintiff, holder of the note, was properly directed, since no defense was plead if the payees in the note had been plaintiffs.

Appeal from Circuit Court, Harding County. Hon. RAYMOND L. DILLMAN, Judge.

Action by Howard C. Park, against B. E. Latham and others, to recover upon a promissory note. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal. Affirmed.

*Carpenter & Morrison,* and *H. G. Fuller,* for Appellants.

*George H. Jackson,* for Respondent. .

Appellants cited: National Bank v. Sherman, 23 S. D. 8; Richardson v. Carlis, 26 S. D. 202; National Bank v. Mailloix, 27 S. D. 543; Mee v. Carlson, (S. D.) 117 N. W. 1033.

Respondent cited: S. D. Civil Code, Sec. 1285; Iowa National Bank v. Sherman, 23 S. D. 8; Fitz v. Bynum, 55 Cal. 459; Peterson v. Hoftiener, 150 N. W. 934 (S. D.)

McCOY, J. This action was brought by plaintiff as the indorsee of a negotiable note executed and delivered by defendants to McLaughlin Bros., given as part consideration for a horse sold and delivered by McLaughlin Bros. to defendants. The complaint alleged the execution and delivery of the note and assignment and delivery thereof to plaintiff and the nonpayment thereof. The answer of defendants admitted the execution and delivery of said note, denied that plaintiff was the lawful owner and holder thereof, and alleged that McLaughlin Bros. at the time said notes were signed secretly made a written agreement releasing two of defendants from payment on said note; that there was a breach of warranty in the sale of said horse by reason of certain alleged false and fraudulent representations made by McLaughlin Bros.; that said horse was not worth to exceed more than $1,000 at the time of delivery. There was testimony offered tending to show that plaintiff became the owner of said note before maturity, for value, in due course, and without notice of any defenses thereto. At the close of all the testimony the plaintiff moved for a directed verdict in his favor, on the grounds, among others, that no defense had been pleaded or proven, and that no rescission of the contract had been pleaded or proven. There is no allegation in the answer or any testimony that the horse, which defendants, by the answer, admit to have been worth $1,000, was ever returned or offered to be returned or restored to McLaughlin Bros. or any one for them, upon the discovery of the alleged fraud. No counterclaim for damages has been interposed by defendants. We are of the view that the verdict was properly directed. There was no compliance or attempt shown by defendant to comply with section 1285, Civil Code. No defense was pleaded against McLaughlin Bros. were

they plaintiffs. Practically the same state of facts exist in this case as in Bank of Morrison v. Sayer, 35 S. D. 581, 153 N. W. 652.

The judgment and order appealed from are affirmed.