# CASES

## ARGUED AND DETERMINED

IN THE

# Supreme Court of South Dakota

### SWEENEY v. UNITED UNDERWRITERS' CO.

A complaint alleging the purchase by plaintiff of stock in defendant corporation through fraudulent representations made on behalf of defendant, that plaintiff tendered back the stock, and demanded the consideration, but that defendant refused to return the same, and that, by reason thereof, plaintiff was damaged in the amount of the consideration and interest and tendering back the stock in court, and demanding judgment for the consideration and interest—states a cause of action for damages based upon the rescission of the contract within the jurisdiction of a municipal court, and is not changed into an action to rescind the contract, not within the jurisdiction of such a court, because the prayer, among other things, asks "that said sale of stock be rescinded."

(Opinion filed, Feb. 9, 1910.)

Appeal from Municipal Court of Watertown. Hon. IRVIN H. MEYERS, Judge.

Action by Polly L. Sweeney against the United Underwriters' Company. From an order overruling a demurrer to the complaint, defendant appeals. Affirmed.

*Loucks & Mather,* for appellant. *Charles Schull,* for respondent.

WHITING, P. J. This action was brought in the municipal court of the city of Watertown. The defendant demurred to the complaint of defendant, the demurrer was overruled, and defendant has appealed to this court from the order overruling such demurrer.

The demurrer was based on the claim that the municipal court had no jurisdiction of the subject of the action. It stands conceded by the briefs of the parties that the one question in this

case is whether the action is brought to rescind a contract, or whether it is brought based upon a rescission of a contract. If the action belongs to the former class, being an action asking for equitable relief, it is conceded that the demurrer should have been sustained.

The appellant recognizes the distinction between the two classes of actions—those brought to rescind a contract, and those brought based upon the rescission of a contract—as such distinction has been pointed out by this court in Johnson v. Burnside, 3 S. D. 230, 52 N. W. 1057, and Thompson v. Hardy, 19 S. D. 91, 103 N. W. 299, but maintains that this action seeks equitable relief because in the prayer of the complaint the plaintiff, among other things, "asks judgment of the court that the said sale of ten shares of stock be rescinded." We think, however, that a consideration of the whole complaint shows clearly that this is an action for damages based upon the rescission of a contract, and that the part of the prayer for relief above mentioned in no manner changes this into an action for rescission. The complaint alleges the purchase by plaintiff of defendant of 10 shares of stock in defendant corporation for the sum of $150; that plaintiff was induced to make such purchase through the false and fradulent promises and representations made on behalf of defendant; that, when defendant failed in its promises, the "plaintiff tendered back to said defendant the said 10 shares of stock, and has demanded back the said sum of $150, but that the said defendant has wholly neglected and refused to pay the same, or any part thereof"; and that plaintiff by reason of the facts has been damaged in the sum of $150 and interest. The complaint then tenders in court the said shares, and demands judgment for the said $150 and interest, besides containing the clause hereinbefore quoted asking that the sale be rescinded. Sections 1282 to 1285 of the Revised Civil Code of 1903 provide for the rescission of a contract out of court; one of the grounds for such rescission being when the consent of party rescinding was obtained to the contract by fraud of the party against whom he rescinds, another ground being failure of consideration. To rescind, the party entitled to such rescission must restore everything of value

received from the other party under the contract, "or must offer to restore the same, upon condition that such party shall do likewise, unless the latter is unable, or positively refuses to do so." The complaint set forth the above-mentioned grounds for rescission, and, as shown by the part of the complaint quoted above, plaintiff tendered what he had received, and demanded back what he had given which demand defendant refused to comply with.

The contract was therefore fully rescinded before action brought, and the action was one to recover damages for failure of defendant to pay over the money at time of such rescission. While the prayer for relief is often useful in determining the nature of action brought, it is not controlling, and, when absolutely inconsistent with the nature of the cause of action clearly shown by the remainder of the pleading, it should be disregarded. 31 Cyc. 110.

The order appealed from is affirmed.