PURCELL, Appellant, v. THE INTERNATIONAL HARVESTER COMPANY of America, Respondent.

(159 N. W. 47.)

(File No. 3945.   Opinion filed August 29, 1916.   Rehearing denied November 29, 1916.)

1.   Trials—Cancellation of Purchase Notes—Rescission of Purchase Contract—Counterclaim—Jury, or Court Trial?

   In a suit for rescission of a purchase contract and for cancellation of purchase money notes, where the cause was noticed for trial by plaintiff as a jury cause and by defendant as an equity cause triable by court, held, that, there being a substantial distinction between an action based upon a past rescission of a contract and an action for such rescission, while a cause of action for recovery of property based on a completed rescission of contract is generally a law action triable by jury, yet, where there are allegations of fact in the complaint treating the contract as having been rescinded prior to suit, but such allegations are in conflict and inconsistent with other portions of the complaint, the trial court did not err in holding the complaint to state a cause of action on the equity side of the case. Held, further, that as the counterclaim alleged a cause of action in which, issues being joined, both parties were entitled to a jury trial, the trial court might properly have ordered the issues arising on the complaint to have been tried by the court, and the issues arising under the counterclaim and reply to have been tried by a jury; but, neither party having moved for such separation of issues, no error can be assigned because they were not separated; and moreover plaintiff, by his demand for relief and other allegations of fact, has construed the complaint as one in equity for rescission of the contract.

2. **Trials—Jury Trial—Rescission of Non-fraudulent Sale Contract—Counterclaim, Reply.**

In a suit for rescission of a sale contract and for cancellation of purchase money notes, where defendant counterclaimed upon the notes, it appearing that there was no fraud on defendant's part in making the contract, held, that, plaintiff having no defense thereto under his reply to the counterclaim, he was not prejudiced by the trial to the court without a jury of the issues raised upon the complaint and answer, since all issues excepting that of fraud were properly on the equity side of the court.

3. **Sales—Warranty of Engine—Mutuality of Obligations—Delivery of Engine, Purchase Price Unpaid—Vendor's Remedy.**

A contract for sale of machinery, accompanied by the giving of purchase notes by vendee, is binding and valid on both parties, and where the purchaser has both the machinery and the purchase price in his hands, the company that manufactured it, having sold it on time, has nothing to protect it but the fulfillment of the contract; and good faith requires that both parties substantially fulfill their agreements thereunder.

4. **Sales—Warranty of Engine—Notice of Defects—Waiver of—Findings, Sufficiency of Evidence.**

Where the purchaser of a farm engine, after using same for a time in plowing and in road work, and thereafter the engine transmission broke, and vendor's agent, being notified, furnished new transmission, and thereafter unsuccessful attempts were made by vendor's agents and experts to make the engine work satisfactorily, but vendee never notified vendor's general office of its failure to work well, and vendee nearly six months after delivery of the engine to him offered to return same to the vendor's agent from whom he received it, but the return was not accepted; and the trial court found that the engine was not as warranted, that the vendor's agent, up to about a month before vendee offered to return the engine, waived the provision of the contract of warranty as to written notice of defects by repeatedly sending experts to repair the engine, and that vendee's return of it and attempt to rescind the contract came too late, and that he was estopped from rescinding same, and from returning the engine, held, that the evidence sustains the findings; the contract providing that if the engine could not be made to work well, vendee shall immediately return it to the agent from whom it was purchased, and that failure so to do shall operate as an acceptance of, and fulfillment of the warranty.

Appeal from Circuit Court, Codington County. Hon. Carl. G. Sherwood, Judge.

Action by Sam Purcell, against the International Harvester Company of America, a corporation, for cancellation of purchase money notes and for rescission of a contract of sale of an engine purchased from defendant; defendant counterclaiming upon the notes. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Affirmed.

*McFarland & Johnson,* for Appellant,

*Hansen & Hansen,* and *P. F. Gault,* for Respondent.

(1)   To point one of the opinion, Appellant cited: Code Civ. Proc. Secs. 244, 313, 235-8, 311; Sweeney v. United Underwriters Company, 124 N. W. 1107; Johnson v. Burnside, 3 S. D. 230; Thompson v. Hardy, 19 S. Dak. 97, 103 N. W. 299.

Respondent cited: 6 Cyc. 286; Woelfle v. The Sailors, 102 S. W. 1109, 12 L. R. A. (N. S.) 881; Twogood v. Allee, 99 N. W. 288; Gewin v. Shields, 52 S. E. 887; 2 Cyc. 292; Pomeroy on Equity, Sec. 1377; 24 Cyc. 127, 126; Installment Building Co. v. Wentworth, 25 Pac. 298; Johnson v. Peterson, 97 N. W. 384; Behrens v. Kruse, 140 N. W. 118 (Minn.); Gresens v. Martin, 145 N. W. 823 (N. D.)

(4)   To point four of the opinion, Appellant cited: Peter v. Plano Manufacturing Company (S. Dak.) 110 N. W. 783; Canham v. Plano Manufacturing Company, 3 N. D. 229; Snody v. Shier, (Mich.) 50 N. W. 252; 30 A. & E. Enc. of Law, 188; First National Bank of Webster City v. Dutcher 104 N. W. 497; Reihnstrom v. Elk Brewing Company, 28 Pa. Sup. St. 519.

Respondent cited: Aultman & Taylor Co. v. Gunderson, 6 S. D. 226; Furneaux v. Easterly, 13 Pac. 824; Fahey v. Easterly Harv. Machine Co., 55 N. W. 580; J. I. Case Threshing Mach. Co. v. Ebbighausen, 92 N. W. 826; Reeves & Co. v. Lewis, 25 S. D. 44; Northwest Thresher Co. v. Mehloff, 23 S. D. 476, 122 N. W. 428.

McCOY, J.   This action was brought on the equity side of the court for the cancellation of two certain promissory notes for $900 each, given by appellant to respondent as the purchase price of certain farm machinery sold and delivered by respondent to appellant under a certain contract of warranty. Plaintiff, the appellant, alleged a breach of said warranty and fraudulent representations as to the quality of said machinery as a ground for the rescission of said sale and cancellation of said notes. De-

fendant admitted the warranty, but denied any breach thereof, and pleaded a counterclaim for the recovery of $900 and interest upon one of said notes. The cause was noticed for trial by plaintiff as a jury cause and by defendant as an equity cause triable by the court without a jury. At the beginning of the trial defendant moved that the cause be tried by the court without a jury, on the ground that the cause of action pleaded and the relief demanded by plaintiff is cognizable by a court of equity. This motion was granted, and appellant duly excepted to the ruling, and the cause was tried by the court without a jury. Findings and judgment were in favor of defendant, and plaintiff appeals.

[1, 2] The first contention of appellant is that the court erred in ordering the cause to be tried as an equity case before the court without a jury. It is appellant's contention that the complaint alleged a cause of action on the law side of the court. As pointed out by this court in Sweeney v. United Underwriter's Co., 25 S. D. 1, 124 N. W. 1107, there is a substantial distinction between an action based upon a past rescission of a contract and an action for rescission of a contract. A cause of action for the recovery of property based on a completed rescission of contract is generally a law action triable by a jury, while an action for rescission, that is, one which seeks the establishment of a rescission as a result of the action, is on the chancery side of the court. An action for rescission is the same as an action for cancellation, which might be properly termed an action for rescission and cancellation. There are some statements of fact in the complaint which treat the contract in question as having been wholly rescinded prior to the commencement of the action; but such statements are in conflict and inconsistent with other portions of the complaint. The appellant by his demand for relief and other allegations of fact has placed on this complaint the construction that it is a complaint in equity for the rescission and cancellation of the contract. The trial court was therefor not in error in holding the complaint to state a cause of action on the equity or chancery side of the court.

The counterclaim of defendant alleged another cause of action in which, if issues were raised thereon, both parties were entitled to a jury trial as a matter of right. The trial court might have properly ordered the issues arising on the complaint to have been tried by the court, and the issues, if any, arising under

the counterclaim and reply thereto to have been tried by a jury. Leisch v. Baer, 24 S. D. 184, 123 N. W. 719.  Neither party moved the court for such a separation of the issues, and no error can therefore be based on the proposition that the jury and chancery issues were not separated.

The reply of plaintiff admitted all the allegations of the counterclaim, excepting that it denied there was anything owing to respondent on said note.  This was merely the denial of a conclusion of law.  The trial court found that there was no fraud on the part of respondent in the making of said contract.  The evidence on which this finding was based is not contained in the record, and counsel for appellant on argument conceded that the question of fraud raised by the reply to the counterclaim is not in issue on this appeal.  If there was no fraud in the procuring of said contract and notes, it clearly appears that if appellant was not entitled to have said note canceled under the complaint, he had no defense thereto under his reply to the counterclaim, there being no issue raised by the counterclaim and reply, outside the question of fraud, to be tried by a jury.  Hence appellant, by no possibility, could have been prejudiced by the trial court of the issues raised by the complaint and answer, as all the issues raised by the pleadings, excepting the question of fraud, were properly on the equity side of the court.

[3-] The warranty contract was as follows:

"International Harvester Company of America (Incorporated), warrants the within described engine to do good work, to be well made, of good material, and durable if used with proper care.  If upon one day's trial, with proper care, the engine fails to work well, the purchaser shall immediately give written notice to International Harvester Company of America, at Chicago, Illinois, and to the agent from whom it was purchased, stating wherein the engine fails, shall allow a reasonable time for a competent man to be sent to put it in good order, and render necessary and friendly assistance to operate it.  If the engine cannot be made to work well, the purchaser shall immediately return it to said agent, and the price paid shall be refunded which shall constitute a settlement in full of the transaction.

"Use of the engine after three days, or failure to give written notice to said company and its agent, or failure to return the

engine as above specified, shall operate as an acceptance of it and fulfillment of this warranty. No agent has power to change the contract of warranty in any respect and the within order can be cancelled only in writing from said company's Chicago office.

"This express warranty excludes all implied warranties, and said company shall in no event be liable for breach of warranty in an amount exceeding the purchase price of the engine. If within ninety days' time any part proves defective, a new part will be furnished on receipt of part showing defect."

The record shows that the respondent delivered said machinery to appellant on the 29th day of April, 1914, and that appellant commenced using the same on the next day, and from thence until about the 8th of September following used the same on numerous occasions; that during said time he plowed at least 100 acres, cut 100 acres of crop, and did road work with the same; that about May 4th some wheels in the transmission of said engine broke, and the agent of respondent at Watertown was notified and furnished new transmission; that frequently between May 11th and September 8th, agents and experts of respondent sought to remedy the working of said engine, but that the same did not work satisfactorily; that defendant never, at any time, notified the respondent at Chicago, Ill., that said engine failed to work well; that the only persons appellant notified were the agents and experts of respondent at Watertown; that the agents and experts of respondent continued in their endeavors to make said engine work well up until the 8th day of September. On about the 19th day of October following, appellant offered to return said machinery to the agent of respondent from whom he received it, but the return was not accepted. The trial court, among other things, found that said machinery was not as warranted; that the general agent of respondent up to the 8th day of September waived the provisions of said contract of warranty as to written notice of defects by repeatedly sending experts to repair said engine; that appellant's return of said machinery and attempt to rescind said contract came too late; and that he is estopped from rescinding said contract of sale and from returning, or attempting to return, said machinery to defendant. It is urged that the evidence is insufficient to sustain these findings which are against appellant. We are of the view that the evidence sustains the

findings, and that no other findings could have been made under the evidence. As this court has heretofore held, such contracts are valid and binding on both parties. N. W. Thresher Co. v. Melhoff, 23 S. D. 479, 122 N. W. 428.

[5] Where the purchaser has the machinery and the purchase price both in his hands, the company that manufactured it, having sold it on time, has nothing to protect it but the fulfillment of the contract. Good faith requires that both parties substantially live up to and fulfill their agreements with relation to such contracts. This contract specifically provides that if the engine could not be made to work well, the purchaser shall immediately return it to the agent from whom it was purchased, and the failure to so return the engine as above specified shall operate as an acceptance of it and fulfillment of said warranty. It is not necessary for us to determine whether the notices to the Chicago office of defendants were waived or not; but it is sure that, at least by the 8th day of September, 1914, the appellant knew, if he ever knew at all, that said engine did not comply with the warranty, and that the experts could not make it so comply. Under the contract it was his plain duty, upon discovering that it did not comply with the warranty and could not be made to do so, to have returned this machinery immediately, which did not mean about 40 days thereafter. Brown v. Russell, 105 Ind. 46, 4 N. E. 428.

Finding no error in the record, the judgment and order appealed from are affirmed.