HEGGE, Administrator, et al., Appellants, v. HEGGE, et al.,
Respondents.

(184 N. W. 800.)

(File No. 4909.    Opinion filed October 19, 1921.)

1.   Quieting Title—Mortgages—Parent's Disposition of Realty to Children, Deed of Homestead to Child to Secure Parents' Support, Mortgage and Note Back With Contract for Support, And for Payments to Other Children— Failure to Support Parent, Latter's Offer to Restore Mortgagor's Payments and Demand of Reconveyance—Deed, Agreement and Mortgage, Considered Together, Title Quieted in Grantor Regardless of Terms of Writings—Equity Principles Invoked.

The father, desiring to make a disposition of his property to his children and his wife, and to provide for support and main-- tenance of himself and wife for balance of their lives, and to make such division of his property, as, with advancements already made, would give to each property of the net value of $3000, he and wife mortgaged his various tracts of land, securing payment of a certain sum to each of eight children and to the mother, and conveyed one of the tracts, subject to mortgage thereon, to each one of the other three children; the parents then giving warranty deed for the homestead to the defendant child A. H. for a stated consideration of $11,500; and as part of the same transaction and forming part consideration for the latter deed, A. H. executed the agreement in question and gave a note and mortgage for $11,500; such deed containing no reference to the agreement; the consideration for the $11,500 being payment of $4000 divided between three

sisters and his mother (which notes were paid), his $3000 share of his father's property, and a $4,500 note and mortgage given by him as security for performance of said agreement to support his parents, care for them, furnish them necessary food and clothing, care for them during sickness, furnish them with rooms in the house on homestead, and to make certain cash payments as interest on the note, the mortgage containing the provision that on failure to fulfill the agreement or pay the $4500, the mortgage and note should become immediately due, and that the mortgage might, at option of the mortgagees be foreclosed, the note being conditioned to become void on death of both payees, the agreement containing a similar provision and that on proof of such deaths they should be discharged of record. The land was worth at least $20,000, and much more at commencement of present suit, its undervaluation under the agreement and mortgage being to give A. H. more than an equal share of his father's property, solely because of the agreement to care for his parents. Defendant wholly failed to comply with the agreement and with terms and conditions of the security papers, or to make payments provided for in the agreement. **Held,** that the whole transaction should be considered together, and as though it were all evidenced by one writing, that the son's agreement to care for his parents was the chief end sought by them and was therefore entitled to chief consideration by courts; this against the contention of A. H. and wife that the agreement should be deemed read into the deed as a condition subsequent, upon breach of which they might treat the title as forfeited and ask court to so adjudge and to adjudge the title was vested in the father's administrator; that the situation here existing in equity, turns the transaction into something different from what the parties thereto expressed in said writings; that if courts of equity did not possess power to do this, much of their efficiency to protect the weak, prevent realization of contemplated frauds and unconscionable bargains and of administering justice between man and man would be wanting; the case of a confiding parent in his old age, trusting largely to affectionate regard of his son, and therefore conveying to latter his property to secure support and personal care for balance of his days, and the consideration, by wrongful conduct of the son, so far failing that there is no efficent remedy applicable to right the wrong other than to restore ownership and possession of the property to the parents—being one most strongly appealing for application of such equitable power; that under modern trend of authority such transactions are classed by themselves, and enforced without reference to form or phraseology of the writings involved, or whether by strict letter of law forfeiture of the estate is ex-

pressly provided for; court will not lend jurisdiction to effect a forfeiture, but the forfeiture, or as sometimes called, rescission, being effected by acts of the grantor, by his re-entry or its equivalent for conditions broken, and equity lends aid to quiet the title and to set aside the conveyance. Held, further, that consideration for execution of the homestead failed; the mother and the father's administrator as plaintiffs having offered to restore to defendant mortgagor the moneys paid by him in satisfaction of the $4000 mortgage, with interest, and to allow him his distributive share in the estate, or so much as court may determine as fair and equitable, and to restore to him all sums court may determine to be equitably due and owing him from plaintiffs by reason of the established facts, and having offered to pay same into court as soon as amount may be determined, and having prayed decree for reconveyance of the homestead and cancellation and rescission of the written agreement, and that defendant be required to account for profits and revenues derived from the land while he was in possession, and taken into account in rendering judgment.

2. **Same—Whether Agreement for Support a Condition Subsequent to Conveyance of Homestead, and Breach Entitled Grantee to Decree of Forfeiture and Re-investing Same in Grantor Not Determined.**

Under the established facts herein, question whether a court of equity might properly hold the agreement for care and support to be a condition subsequent to conveyance of title to the homestead and that its breach entitled grantee to a decree forfeiting the title and reinvesting same in grantor, (or, in this case, in his representatives); is not determined.

3. **Same—Intent to Declare Forfeiture, No Notice Of, Whether Bar to Equitable Relief—Action At Law Distinguished.**

Held, further, that the fact that no notice of intent to declare forfeiture was given did not bar equitable relief; the case differing from an action at law based on claim of forfeiture theretofore effected; that such equitable action would be brought on theory that facts warranted forfeiture and asking courts to declare that forfeiture had been accomplished by bringing suit.

4. **Same—Complaint—Sufficiency Of—Relief, Nature Of—Statute.**

The complaint, setting forth facts substantially as embodied in note 1 supra, held, sufficient on demurrer, for purposes of relief as therein specified.

5. **Same—Rescission—Failure of Consideration for Deed, Failure to Support Parents as Grounds—Statute.**

Failure of said son to furnish care and support to his parents constituted a failure of consideration for the giving of the deed to homestead; construing Sec. 904, Code 1919, providing that a contract may be rescinded by a party thereto if through fault

of the party as to whom he rescinds, the consideration for his obligation fails in whole or in part; while on the other hand enforcement of the note and mortgage would, instead of ending in the vesting of title to the land in the mother, undoubtedly open up to mortgagors the very avenue of escape they hoped for—the release of their agreement by payment of money; and it would be inequitable to deny rescission.

6.    Same—Failure to Allege That Mother Retains Note and Would Deliver Same to Mortgagors, Whether Sufficient to Bar Relief—Condition in Note, Effect.

Failure to allege in this complaint that the mother retains the note and would deliver same to mortgagors, does not bar equitable relief.   So held, construing a provision in the note making it "subject to contract and agreement of even date," and having attached thereto a memorandum that the note and mortgage should become void at death of the parents; and if any third party had taken the note, he did so with full knowledge of this whole transaction.

Smith and McCoy, JJ., not sitting.

Appeal from Circuit Court, Minnehaha County.    Hon. Louis L. Fleeger, Judge.

Action by Oluf Hegge, as Administrator of the Estate of Sivert O. Hegge, deceased, and Karen O. Hegge, against Alfred S. Hegge and Nettie Hegge, to enforce forfeiture under certain contracts between plaintiff administrator's decedent and defendant Alfred S. Hegge, for reinvestment of title to decedent's homestead in his administrator and decedent's wife as co-plaintiff, and for other relief.    From an order sustaining a demurrer to the complaint, plaintiff appeals.    Reversed.

*Robertson & Cloud,* for Appellants.

*Krause & Krause,* for Respondents.

(1)    To point one of the opinion, and re the remedy, Appellants cited:   Bruer v. Bruer, 123 N. W. 813; Glock v. Glock, 89 N. W. 118, 57 L. R. A. 458.    To proposition that breach of the contract was failure of consideration, cited:   Shephardson v. Stearns, 43 N. W. 918; note to Cross v. Carson, 44 Am. Dec. 742.

(3)    To point three, Appellants cited:   13 Cyc. 713.

Respondents cited:   Drew v. Baldwin, et al., 48 Wis. 333; Gloke v. Clocks, 113 Wis. 303, 57 L. R. A. 458; 93 A. S. R. 576.

WHITING, J.   This is an appeal from an order sustaining a demurrer to a complaint.   The only ground of demurrer now relied upon by respondents, and therefore the only one which we

feel called upon to consider, is that the complaint does not state facts sufficient to constitute a cause of action. Defendant Nettie Hegge is the wife of defendant Alfred S. Hegge.

The complaint confesses the following facts: July 3, 1912, one Sivert O. Hegge was the owner of three tracts of farm land, one of which was occupied by himself and wife, Karen O. Hegge, as their homestead. Hegge and wife had a family consisting of some 11 children. The father, being in poor health and desiring to make a disposition of his property to his children and his wife, and also to provide for the support and maintenance of himself and wife during the balance of their lives, made a division of his property. To this end he took into consideration advancements which he had made to certain of his children, and undertook to make such a division of his property as, in connection with such advancements, would give to each one of his said children property of the net value of $3,000. To accomplish this, he and his wife, on July 3, 1912, placed mortgages on these tracts of land, which mortgages secured the payment of a certain sum to each of eight of the children and to the mother; and he and his wife, on the same date, conveyed one of the three tracts of land, subject to the mortgage thereon, to each one of the other three children. The three grantees accepted the deeds, and afterwards made the payments secured by the mortgages. The father and mother deeded the homestead to the defendant Alfred S. Hegge for the stated consideration, named in said deed, of $11,500. At the same time, and as part of this same transaction, and forming a part consideration for the deed to this defendant, defendant entered into the agreement and gave the note and mortgage hereinafter mentioned.

The deed to defendant Alfred S. Hegge was a warranty deed with ordinary covenants, and containing no reference therein to the agreement which formed a part consideration therefor. Making up the consideration of $11,500, named in said deed, were notes and mortgage entered into by defendant, whereby he undertook to pay the sum of $4,000 (being $1,000 to each of three sisters and $1,000 to his mother), which notes, as above stated, have been paid; his $3,000 share of his father's property; and a $4,500 note and mortgage which he entered into as security for the performance of his written agreement to support his parents. In this

written agreement, he covenanted to care for his parents during their lifetime, to furnish them with necessary food and clothing, to care for them during sickness, to furnish them with rooms in the dwelling house located on the homestead, and to make to them certain cash payments—being the interest on the $4,500 note above referred to. The mortgage provided that, in case of failure of defendant to fulfill the agreemnt or pay the $4,500, the said mortgage, together with the note thereby secured, should become immediately due and payable, and that—

"The said mortgage may, at the option of the parties of the second part, be immediately foreclosed by the sale of the said premises as therein provided."

The note for $4,500 was due in 15 years, and bore interest at 2 per cent. per year, and was conditioned that it should become void on the death of both payees. The agreement also provided that the note and mortgage should become null and void upon the death of the father and mother, and that, upon satisfactory proof of such deaths, they should be discharged of record by the proper officer. As a matter of fact, the land conveyed to this defendant, instead of being of the value of $11,500, was of the actual and marketable value of at least $20,000, and was, at the time of the commencement of this action, of a value greatly in excess of $20,-000. The reason why this land was treated as of a value so much below its real value was to give to the defendant Alfred S. Hegge more than an equal share of the property of his father, and this solely because of the agreement which he was entering into to care for his said father and mother. The father died soon after July 3, 1912. From the time when the agreement was entered into and possession of said land taken by the defendant; defendant failed and neglected, at all times, to comply with any of the terms and conditions of said note, mortgage, and agreement. He failed and neglected to maintain and support his mother as he had covenanted to do in said agreement. He has, at no time, contributed in any manner or form to her support and maintenance. He has failed to furnish necessary food and clothing, or any clothing for her. He has not at any time furnished or caused to be furnished any medical care or treatment for her, though she has, at times, been in need of same. His conduct has been such as to render it impossible for her to reside in the dwelling house

and upon the premises mentioned in said agreement. He has neglected to make the payments provided for in said agreement.

It was alleged that, because of the above facts, "the consideration for the execution and delivery of said deed has already failed;" that the plaintiffs (who are the administrator of the father's estate and the mother) offer to return or restore to defendant all sums of money paid by him in satisfaction of the $4,000 mortgage, together with interest thereon; that they will allow the defendant his distributive share in the estate of his father, or such amount as the court may determine to be fair and equitable as his portion or share in said distribution; that they offer to return or restore to the defendant all sums that the court may determine to be fairly and equitably due and owing defendant from the plaintiffs by reason of the facts hereinbefore stated; and that they offer to pay the same to him or into court as soon as said amount may be determined.

Upon such facts, plaintiffs prayed a judgment and decree of the court requiring the reconveyance of these premises to the plaintiff Oluf Hegge, as administrator of the estate of the father, and the cancellation and rescission of the written agreement hereinbefore referred to; the determination of the amount which plaintiffs should return, restore, or pay to the said defendant upon such reconveyance; that defendant be required to render an account of the profits and revenues derived from the said lands during the time he has been in possession of the same; that the amount of said profits be taken into account, and plaintiffs or either of them have judgment therefor; and for such other and further relief as to the court may seem just in the premises, and as shall be agreeable to equity.

[1] No claim is made that the complaint is sufficient upon which to base the foreclosure of the $4,500 mortgage. Appellants contend that the whole transaction should be considered together— the deed, the agreement, and the mortgage, and that, when so considered, the agreement should be treated as read into the deed as a condition subsequent, upon breach of which they had a right to treat the title conveyed by the deed as forfeited, and to ask the court to so adjudge, and to adjudge the title invested in the administrator in his representative capacity. Appellants contend

that the agreement to care for the grantors should be treated as the chief consideration for the conveyance of title, that such consideration has failed, and that they are entitled to a rescission of the conveyance. Respondents contend that the parties elected to provide the remedy for a breach of the agreement, namely, foreclosure of the mortgage; that, having provided that remedy, the court cannot say that they intended the agreement to support to be a condition subsequent; that, if such agreement were to be considered as a condition subsequent, appellants' remedy would be through a notice that he had elected to declare the title forfeited and a demand of possession; that there is no offer to return the $4,500 note, which note, so far as the complaint shows, may have been transferred; and that, without a tender of such note, appellant would not be entitled to any equitable relief.

If this transaction were other than one involving a contract between parents and child for the care of the parents, we should be inclined to hold that the provision for and the giving of security provided the only remedy for breach of whatsoever agreement may have been a consideration for the deed. But this whole transaction must be considered together, as though it was all evidenced by one writing; and, when so considered, the agreement of the son to care for his parents must be recognized as the chief end sought by the parents, and therefore entitled to chief consideration by the courts. In the case of Glocke v. Glocke, 113 Wis. 303, 89 N. W. 118, 57 L. R. A. 458, a case where, as in this one, a note and mortgage had been given to secure the agreement for care and support, the court, after a careful review and analysis of its former decisions, made a declaration that fully meets with our approval:

"If any of the situations where equity, by construction, so called, may arbitrarily, if necessary, turn a transaction into something entirely different from what the parties thereto expressed in their writings in order to do justice, can be supported on principle, the one under consideration can. If courts of equity did not possess power to do that, they would be shorn of much of their efficiency to protect the weak, to prevent the realization of contemplated frauds, of unconscionable bargains, and, generally, of administering justice between man and man. Probably no situation can be named where the exercise of that important power

is more needed than just such as the one before us—one where a confiding parent, in his old age, trusting largely to the affectionate regard of his son, conveys to the latter all his property to secure support and personal care for the balance of his days, and the consideration, by the wrongful conduct of his son, so far fails that there is no efficient remedy that can be applied to right the wrong other than to restore the parent to the ownership and possession of his property."

In Bruer v. Bruer, 109 Minn. 260, 123 N. W. 813, 28 L. R. A. (N. S.) 608, the court well said:

"Contracts and agreements of the kind are quite familiar to the courts. They are, as a rule, made by people well along in years with a child or other relative, and are intended to secure to the old people proper and suitable support and maintenance during their declining years, at the same time relieving them of the care and responsibility incident to the management of their affairs. They part with their property in the expectation and belief that their future necessities and comforts are fully provided for, and in an abiding faith that natural affection and filial duty will prompt and secure a faithful discharge of the obligations assumed by the child to whom they convey. There is in such transactions an element of confidence reposed by the old people in their grantee, sacred in its nature, a breach of which, and retention of the benefits, no court should tolerate by a refinement upon technical rules and principles of law. By the modern trend of authority these transactions are placed in a class by themselves, and enforced without reference to the form of phraseology of the writing by which they are expressed, or whether by the strict letter of the law a forfeiture of the estate is expressly provided for."

The Wisconsin court held that a conveyance made under the circumstances herein presented should be deemed as made and intended to be made upon a condition subsequent, and it said:

"In such a case the court does not lend its jurisdiction to effect a forfeiture. The rule in that regard is not violated. The forfeiture, or rescission, as it is sometimes called, is effected by the acts of the grantor, by his reentry, or its equivalent, for condition broken. Equity lends its aid to quiet the title, as said in Knudtson v. Bostrak, supra. It lends its aid to 'set aside the

conveyances.' Equity deals with the situation the same as with any other where a reversion of title has taken place by re-entry, or its equivalent, for condition broken. It establishes the title to the property in accordance with the facts and clears away all apparently interfering writings and records, giving such other relief as may be necessary to fully accomplish that end."

[2, 3] We do not feel called upon to determine whether, under facts such as are presented here and were presented in the Wisconsin case, a court of equity might properly hold the agreement for care and support to be a condition subsequent to the conveyance of title, and that its breach entitled the grantee to a decree forfeiting such title and reinvesting same in the grantor, or, in this case, in his representative. One thing, however, is clear—the fact that no notice of intent to declare a forfeiture was given would not bar equitable relief. If this were an action at law based upon a claim of forfeiture theretofore effected, proof of such a notice might be essential in order to establish the fact that forfeiture had been effected. The equitable action would be brought upon the theory that facts existed warranting the forfeiture and asking the court to declare that forfeiture had been accomplished by the bringing of the action.

[4, 5] The Minnesota court ruled that, in view of prior decisions of such court, it could not hold that the agreement constituted a condition subsequent; but it did say that "the court may grant such relief as the facts will in equity and good conscience justify;" and we say of the complaint before us, as the Minnesota court said of the complaint before it:

"For this relief the complaint is sufficient, and contains all necessary and essential allegations."

Our statute (section 904, R. C. 1919) provides that a contract may be rescinded by a party thereto:

"If through the fault of the party as to whom he rescinds, the consideration for his obligation fails, in whole or in part."

The failure of respondents to furnish the care and support constitutes a failure of the consideration for the deed. Shepardson v. Stevens, 77 Mich. 256, 43 N. W. 919. Certainly where, as in this case, the remedy by enforcement of the note and mortgage would, instead of ending in the vesting of title to this land in the mother, undoubtedly open up to respondents the very avenue of

escape for which they have been hoping—the release of their agreement by the payment of money—it would be inequitable to deny a rescission of the deed.

[6] We cannot agree with respondents' contention that the failure to allege that the mother still retains the note and would deliver the same to respondents is sufficient to bar appellants' right to equitable relief. The note contains the provision, "Subject to contract and agreement of even date herewith," and has attached thereto the memorandum that—

"This note and mortgage securing same shall become null and void at the death of said Sivert O. Hegge and Karen O. Hegge."

If any third party has taken this paper, he has taken the same with full notice of this whole transaction, and can have no rights that need be considered in this action.

The facts pleaded entitle appellants to relief in a court of equity; therefore the order appealed from is reversed.

SMITH and McCOY, JJ., not sitting.