MOTER, Respondent, v. HERSHEY, Appellant.

(205 N. W. 239.)

(File No. 5227.   Opinion filed September 18, 1925.)

1.  Evidence—Vendor and Purchaser—Expert Testimony—Witnesses —Proof of Title Is Ultimate Question for Court, Not Calling for Expert Testimony.

    In action for strict foreclosure of land contract, under Rev. Code 1919, Secs. 2914-2917, proof of good and merchantable title in plaintiff was ultimate question for court to decide, and testimony of attorney that he had examined the abstract and found good and merchantable title was inadmissible, as usurping province of the court.

2.  Vendor and Purchaser—Evidence—Pleadings—Testimony as to Matters Not Embraced in Pleadings Properly Excluded.

    In action for strict foreclosure of land contract, testimony as to value of well and breaking was properly excluded, where this was not embraced in pleadings, and application to amend was too late.

3.  Vendor and Purchaser—Evidence—Rescission—Damages—Testimony of Fair Rental Value Excluded in Strict Foreclosure of Land Contract.

    In strict foreclosure of land contract, testimony as to fair rental value and relating to the recovery of purchase money was properly excluded; this not being primarily an action to rescind or forfeit the contract.

4.  Contracts—Notice—Vendor and Purchaser—Notice Must Be Given After Extension of Time in Contract in Which Time Is of the Essence.

    Where one waives a provision in his favor in a contract, where time is made the essence, and thereafter seeks to enforce

the contract, he must notify the party in default and give him reasonable time in which to comply with the terms of the contract.

5. **Vendor and Purchaser—Notice—Action to Foreclose Land Contract Without Notice After Time Had Been Extended Is Premature.**

Where, in land contract, in which time was of essence, vendor had extended time for performance, action for strict foreclosure of contract without further notice to purchaser was prematurely brought.

6. **Vendor and Purchaser—Dependent Covenants—Covenants in Land Contract Held "Dependant Covenants."**

Where, in land contract, defendant is to make payments on furnishing of abstract by plaintiff showing good and merchantable title, the covenants therein are "dependent covenants," and plaintiff must show that he was ready and willing to perform before defendant was in default by Rev. Code 1919, Sec. 2915.

7. **Vendor and Purchaser—Equity—Tender—Must Show Ability to Perform Before Bringing Suit for Strict Foreclosure.**

In strict foreclosure, under Rev. Code 1919, Secs. 2914-2917, plaintiff must show offer of performance, or plead and prove that at the time of trial he was ready and willing to perform the terms of the contract, before opposite party can be adjudged in default.

Appeal from Circuit Court, Hutchinson County; HON. R. B. TRIPP, Judge.

Action by George E. Moter against John Hershey. From a judgment for plaintiff, and order denying new trial, defendant appeals. Reversed.

*W. W. Reams* and *Miller & Mitchell,* all of Mitchell, for Appellant.

*W. H. Glynn,* of Parkston, and *Wicks & Quinn,* of Scotland, S. D., for Respondent.

Appellant cited: Ontjes v. Thomas, 187 N. W. 726; Cleary v. Folger, 84 Cal. 316, 24 Pac. 280; Bank v. Hagner, 1 Pet. 464, Arnett v. Smith, 11 N. D. 55, 88 N. W. 1037; Consolidated Coal Co. v. Findley, 127 Ia. 696, 105 N. W. 206; Reynolds v. Lynch, 98 Minn. 58, 107 N. W. 145.

SHERWOOD, J. This is an action for strict foreclosure of a contract to sell real estate brought under sections 2914-2917,

R. C. 1919. Judgment of cancellation was entered, new trial denied, and defendant has appealed from both the judgment and order denying a new trial. No brief was filed by or on behalf of respondent.

The contract, so far as necessary to an understanding of this case, provided in substance:

"On the performance of the agreement by the party of the second part," George E. Moter, first party, would deed to John Hershey, second party, by a good and sufficient deed, a half section of land in Hutchinson county, and would furnish "a complete abstract of title to said premises, showing good, clear, and merchantable title." Second party agreed to pay $44,170 for the land as follows: $8,100 on the execution of the agreement, and the balance of $36,070, as follows, to wit: "$13,000 on the above-described land, which second party assumed, with interest from March 1, 1920," $5,000 in five years, $3,070 in eight years, and $15,000 on December 1, 1928, with 6 per cent interest. And "it is agreed that, in case second party prefers a deed to the above-described land at any time after this date, he agrees to give first party notice in writing at least 30 days prior to the time deed is wanted, and first party will give deed and take mortgage back as above."

It was further agreed:

"That the covenants" should be obligatory upon the "heirs, executors, administrators, or assigns of the respective parties," and that time should be the essence of the contract.

The complaint set forth the contract and alleged that a part of the $8,100, which was the down payment made on the land, consisted of a check for $500 on the Citizens' Bank of Parker, upon which payment was refused for want of funds, and which had never since been paid, and that defendant had not paid the annual interest on the $13,000 mortgage, and that $858 was due thereon since December 1, 1920, and unpaid. Defendant in his answer admits giving the $500 check, and that it was unpaid, but alleges that plaintiff agreed to hold the check until fall, and that it should bear 8 per cent interest; and pursuant to said agreement plaintiff had retained possession of the check, and has never demanded payment prior to the commencement of this action.

Defendant admits that he was to pay the interest on the $13,000 mortgage from March 1, 1920, and that there was due and unpaid on December 1, 1920, the sum of $585, which he should have paid under his contract, but alleges that plaintiff was to pay the interest up to March 1, 1920, and has failed and refused to pay that, as he agreed. Defendant further alleges that the mortgages on said land, instead of being $13,000, amounted to $13,200, and that there was a further mortgage of $660 on the land, which was unpaid; and defendant seeks to counterclaim for the $7,600 paid on the purchase price, offering to pay for the fair rental value of the land from March 1, 1920, when he took possession, down to the time of return. Numerous other defects in the title are set up in the answer, which it is defendant's claim excuse his performance of the contract, all of which we deem immaterial under the facts of this case.

Plaintiff in his reply denies defects in the title, and alleges that he is, and at all times since making the contract has been, ready, able, and willing to carry out and perform all of the conditions of the contract. It appears from the evidence that the contract was made March 2, 1920, that defendant immediately entered into possession of the land and has had the use of it for two seasons, and that the decree canceling the contract was entered on September 12, 1921.

The court finds, in substance, that the defendant has not paid the $500 check, nor the interest accruing on the mortgage subsequent to March 1, 1920, and due December 20, 1920, and further finds that "it was agreed * * * between the plaintiff and the defendant that defendant should have until the fall of 1920 in which to pay said $500, together with interest thereon at the rate of 8 per cent per annum." There was no evidence offered or finding made as to plaintiff's readiness, willingness, or ability to furnish title, and no evidence of any offer on the part of plaintiff to perform.

Upon these facts the court further finds:

"That the said defendant is in default in paying said check for $500 and the interest which has accrued upon the mortgage upon said land, since the 1st day of March, 1920."

There are many assignments of error only a few of which it will be necessary for us to discuss in disposing of this case.

Assignments 1 to 4, inclusive, relate to alleged prejudice to defendant in permitting Attorney A. H. Orvis to testify he had examined an abstract of title to the land in question, and it showed good and merchantable title in plaintiff, and afterward striking out this evidence, when defendant, offering his proof, sought to show defects in the title.

[1] One of the issues embraced in the pleadings was whether the plaintiff was ready, able, and willing to perform his part of the contract. One of the very important steps in that proof was for plaintiff to show good and merchantable title. This was a question of fact, to be decided by the court on the evidence of title offered at the trial. It was one of the ultimate questions the court was to find upon. No expert testimony was called for. The testimony of Orvis usurped the province of the court and was clearly inadmissible.

[2, 3] Assignments of error 5 to 12 relate to testimony offered by defendant to show the value of a well and breaking placed by him on the land, and the reasonable rental value of the land during the time he held it. Testimony as to the value of the well and breaking was properly excluded because it was not embraced in the pleadings and the application to amend came too late, being made during the trial. Testimony as to the fair rental value of the land and relating to the recovery of the purchase money was properly excluded.

Because this is a statutory action, under sections 2914-2917, R. C. 1919, and is not primarily an action either to rescind or forfeit a contract, this case is ruled by the decision of this court in Hickman v. Long, 34 S. D. 639, 150 N. W. 298, in which we said:

"Appellant contends that, under the facts pleaded in his answer, a forfeiture should not be decreed, and he therefore contends that, if the other party to such contract is allowed to terminate appellant's rights thereunder, appellant should be given judgment for the amount that has been paid on such contract, less the reasonable value of the use and occupation of the premises. This is, however, not an action to enforce a forefeiture. But the present action seeks no forfeiture. It treats the contract as in full force and effect. In it the party of the first part offers to perform his covenants, and asks that the other party be required to perform his, and it is only in case of failure to perform within a

32—Vol. 48, S. D.

time to be fixed by the court that the first party asks that the contract and second party's rights thereunder be foreclosed. In case the second party comes in and pays up all amounts due, the contract remains in full force exactly as though there had never been any default in payment. It follows that there is no merit to appellant's contention, based as it is upon an entirely wrong premise." State v. Darling, 39 S. D. 558, 165 N. W. 536.

Assignments of error 13, 14, and 15 relate to the exclusion by the court of testimony tending to show plaintiff retained the $500 check under an agreement with defendant to carry it until fall at 8 per cent interest, and has never notified defendant to pay the check. Upon this point the court found in its second finding of fact as follows:

"That at the time the defendant executed and delivered to the plaintiff his check for $500, on the Citizens' Bank of Parker, S. D., in payment of the balance of the purchase price to be paid under said contract upon the execution of same, and that plaintiff accepted said check in payment of said balance; that the acceptance of said check for $500 in payment of said balance was upon the implied agreements that said check would be paid by said bank upon presentation; that thereafter ,and in due course of business said check was presented for payment to said bank, and said bank refused payment of same, and it was agreed by and between the plaintiff and defendant that the said defendant should have until the fall of 1920 in which to pay said $500, together with interest thereon at the rate of 8 per cent per annum."

This finding is fully sustained by the evidence. It further appears from the record that this action was begun by service of summons on February 26, 1921; that on January 24, 1921, appellant notified respondent by letter that he desired a deed pursuant to the terms of his contract. To this letter respondent replied as follows:

"Parker, So. Dak., Jan. 31, 1921.

"Mr. John Hershey, Parkston, So. Dak.—Dear Sir: As per your notice under our contracts, dated Jan. 24, 1921, covering the E. ½ of section 5-99-59, Hutchinson Co., S. D., we will be ready for you to make settlement on the 20th of February, or any day thereafter within 10 days from that date. We will execute deed in favor of Daisy C. Hershey, upon condition that your copy of

the contract be surrendered, as mine will also, and both copies destroyed in my presence, after the terms of the contract has been fulfilled, and the proper mortgages, and notes, etc., have been furnished, executed by Daisy C. Hershey and yourself. Also the $500 still owing from March 1, 1920, together with 7 per cent interest from that date to the date of payment, must be paid, and the past-due interest, with accrued interest on same, on the mortgages now on said premises, must be paid in full before the deed will be surrendered. The deed will be left in escrow at the First National Bank of Parker, S. D., with full instructions, and with my copy of the contract. Kindly advise if the title will remain in the name of Daisy C. Hershey, and, if so, we will draw up the proper notes, and mortgages for the payment of the contract, and forward them for execution.          Yours very truly,

"G. E. Moter."

There was no other notice or demand made for the payment of the $500. If we consider this a notice and demand, it will be observed it gives appellant 10 days after February 20th in which to pay and settle up. That would extend appellant's time of settlement to March 3, 1921, and this action was brought 4 days before the time set by respondent had expired.

[4, 5] It is settled law in this state that where one waives a provision in his favor in a contract, where time is made the essence of the contract, and if thereafter he seeks to enforce the contract, he is required to notify the party in default "of the fact and give him a reasonable time in which to comply with the terms of the contract." Keator v. Ferguson, 20 S. D. 473, 107 N. W. 678, 129 Am. St. Rep. 947; Speer v. Phillips, 24 S. D. 257, 123 N. W. 722. We therefore hold this action was prematurely brought

The other questions raised in this record, which we think should be passed upon to prevent another mistrial, are:

[6]  (a)  Appellant contends the covenants in this contract are "dependent covenants." In this view we hold appellant is correct. Ink v. Rohrig, 23 S. D. 548, 122 N. W. 594; Hauert v. Kaufman, 45 S. D. 132, 186 N. W. 555; Ontjes v. Thomas, 45 S. D. 425, 187 N. W. 726.

[7]  (b)  That, being dependent covenants, respondent must

show he was ready, willing, and able to perform before appellant was put in default. The statute provides, so far as applicable to this case:

"*. * * But it shall not be necessary in such actions, to entitle the plaintiff to a decree, that proof be made on the trial of an offer or tender of performance, where such offer is made in the complaint and the proof shows that the plaintiff is able and willing to fully perform the terms of the contract sought to be foreclosed at the time of trial." Section 2915, R. C. 1919.

We hold, in actions brought under this statute, where the matter was at issue in the pleadings and upon the trial as it was in this case, it is necessary for plaintiff to show either "offer or tender of performance," or to plead and prove that at the time of trial he was able and willing to fully perform the terms of the contract, before the opposite party can be adjudged in default. There is no evidence in this case to sustain the conclusion of law that defendant is in default.

Because of the form of this decree, we call attention to the rule laid down for such decrees in 27 Cyc. p. 1647, which reads as follows:

"It is absolutely essential to the correctness of such a decree that it should fix definitely the amount due on the mortgage, and that it should give the mortgagor a definite and reasonable time in which to pay it, before being foreclosed."

The judgment and order denying a new trial are reversed.

Note.—Reported in 205 N. W. 239. See, Headnote (1), American Key-Numbered Digest, Evidence, Key-No. 508, 22 C. J. Sec. 597; (2) and (3) Vendor and Purchaser, Key-No. 299(3), 39 Cyc. 1897; (4) Contracts, Key-No. 271, Vendor and Purchaser, 39 Cyc. 1384; (5) Vendor and Purchaser, Key-No. 299(2), 39 Cyc. 1892; (6) Vendor and Purchaser, Key-No. 58, 39 Cyc. 1307; (7) Vendor and Purchaser, Key-No. 299(3), 39 Cyc. 1896.