SAUNDERS, Appellant, v. THE FARMERS' & MERCHANTS' NATIONAL BANK OF MILBANK, et al, Respondents.

(248 N. W. 250.)

(File No. 7198. Opinion filed May 1, 1933.)

*Perry F. Loucks,* of Watertown, and *Murphy, Johanson & Nelson,* of Wheaton, Minn., for Appellant.

*Robert D. Jones* of Milbank, and *McFarland & Kremer,* of Watertown, for Respondents.

RUDOLPH, P. J.   This case has heretofore been considered by this court, at which time an order overruling a demurrer to the complaint was sustained.   See same title, 55 S. D. 449, 226 N. W. 583.   We refer to the former opinion for a statement of the facts alleged in the complaint.   The case was tried to a jury in Grant county, and occupied the time of the court and jury for more than one month.   The record and briefs are voluminous.   As disclosed by the former opinion, the issue involved was that of fraud, and much of the record is taken up with evidence on this issue, which of necessity cannot be confined within any exact limits, and which tends to make a long and protracted trial and record.   We will not attempt any statement of facts other than those that appear in the former opinion, except in the discussion of the different alleged errors.   The jury returned a verdict in favor of the defendants.   This is an appeal from the judgment entered and the order denying a motion for a new trial.

The court submitted to the jury the question of fraud under comprehensive instructions.   The plaintiff excepted to the court withdrawing from the consideration of the jury the question of rescission of the contract, which it was alleged was induced by fraud, and assigns error on account of the court's action in this regard.   This matter will be the first subject of our consideration.

Section 906, Rev. Code 1919, provides as follows:

"Rules Governing Rescission. Rescission, when not effected by consent can be accomplished only by the use, on the part of the party rescinding, of reasonable diligence to comply with the following rules:

"1. He must rescind promptly, upon discovering the facts which entitled him to rescind, if he is free from duress, menace, undue influence, or disability, and is aware of his right to rescind; and,

"2. He must restore to the party everything of value which he has received from him under the contract; or must offer to restore the same, upon condition that such party shall do likewise, unless the latter is unable or positively refuses to do so."

The trial court held that the evidence was not sufficient to constitute a rescission, under the above quoted section of our Code. The material evidence, as given by the plaintiff, disclosed the following facts. The appellant claimed that prior to February, 1927, she had been induced by the defendants to turn over a part of the insurance money she had received on account of the death of her husband, for certain notes and mortgages held by the defendant bank of which her husband was president at the time of his death. She then claims that in February, 1927, and some time prior thereto, the defendants, Saunders, Goodman, Blomquist, and Benedict, who had been closely associated with her and her husband, in a social and business way, prior to her husband's death, and who were her advisors following the husband's death, fraudulently induced her to turn over the notes and mortgages she had received in the prior transaction for certain stocks, as follows: 108 shares of Farmers' & Merchants' National Bank; 25 shares of G. L. Wood Farm & Mortgage Company; 20 shares of Corona State Bank. In addition to the above stock, she received a note of $5,000, which it is undisputed was signed by her deceased husband, and which it is claimed by the defendants was signed by plaintiff. The culmination of this last transaction, whereby she received this stock and the $5,000 note, occurred in February, 1927. At this time, the plaintiff's father, who was a retired businessman, was living with the plaintiff. A few days after this transaction, this plaintiff talked with her father, and at that time the father told her that she had made the greatest mistake of her

life, and that the stocks that she had received were worthless. Following this conversation, the plaintiff called the defendants to her house and told them what her father had said. She testified, as follows: "That is the last talk I had with them. The next thing I did was to hire Mr. Turner. That was some months later."

The evidence discloses that she consulted Mr. Turner, who was a practicing lawyer in Sisseton, S. D., in the early part of November, 1927. The fraud, upon which appellant relies, is alleged misrepresentations as to the value of the stocks which she received. From February to November the appellant did nothing concerning this transaction. In November she consulted Mr. Turner, and Mr. Turner thereafter had a conference with the defendants. On December 29, 1927, Mr. Turner served upon the defendants a notice signed by the appellant, wherein it was offered to return to the defendants the shares of stock, above referred to. Thereafter nothing further was done until this action was commenced on July 28, 1928. During all of this time, the Corona State Bank stock was paying dividends. Dividends upon this stock were paid to and accepted by Mrs. Saunders, at least once prior to the time Mr. Turner served the notice, and twice thereafter.

Under these circumstances, we believe, the trial court correctly ruled that a rescission had not been accomplished. This court has consistently held, under the provisions of section 906, that the rescission to be effective must be made promptly after discovering the alleged fraud. Park v. Latham, 37 S. D. 95, 156 N. W. 799; Riley v. Wheat, 45 S. D. 320, 187 N. W. 425; Russell Miller Co. v. McLean, 48 S. D. 198, 203 N. W. 498; Moen v. Farmers' Implement Co., 49 S. D. 62, 206 N. W. 422; Fleming v. Advance-Rumely Thresher Co., 59 S. D. 360, 240 N. W. 203. In the case of Rodgers v. Johnson, 47 S. D. 131, 196 N. W. 295, there is, perhaps, language which would indicate that the delay in making the rescission, after discovering the fraud, would not defeat a rescission unless the delay worked a disadvantage to the other party. We do not believe that this is the rule, and the facts in that case did not necessitate the establishment of any such rule. The facts in that case were that the respondent did not discover the falsity of the misrepresentations until a considerable period of time had elapsed, and it was urged that he should have made such discovery sooner.

What was said in that case, therefore, should have reference only to the failure to discover the fraud, and we agree that unless a delay in discovering the fraud works a disadvantage to another, there is no estoppel on that account against the assertion of the right of rescission. However, the delay in discovering the fraud is not what the statute covers. The statute provides that after discovering the fraud one must then rescind promptly. Failing so to do will deprive one of the right to rescind, although no prejudice or injury be shown as a result of the delay. Under the statute, promptness is made an imperative condition, without regarding the consequences on the other party. The matter is statutory, and not based upon an estoppel. See Annis v. Burnham, 15 N. D. 577, 108 N. W. 549; Bauer v. National Fire Insurance Co., 51 N. D. 1, 198 N. W. 546. The appellant was advised by her father, a few days after the transaction occurred, that the stocks were worthless. The fraud upon which the appellant relies is the alleged representations as to the value of this stock. The appellant, therefore, knew a few days after the transaction took place the facts upon which she is now claiming her right to rescind. The appellant, however, contends that, from February until she consulted Mr. Turner, she was not free from duress, menace, or undue influence. We have carefully reviewed the evidence and can find no evidence to sustain this contention of appellant. We believe her own testimony, which we have briefly referred to above, quite conclusively refutes any such contention. The appellant, therefore, waited from February until November before she did anything concerning this matter, and in the meantime received and accepted dividends upon the Corona State Bank stock. After seeing Mr. Turner and being fully advised as to all her rights in connection with this matter, she again accepted and retained dividends from this Corona bank stock. Under these facts we do not believe that it can be said that the appellant acted promptly after discovering the alleged fraud. Where the facts are without dispute, the question of whether the rescinding party acted with due promptness is one of law for the court. Black on Rescission, § 547. No fixed rule can be laid down as to time in which one must rescind. What may be a prompt action in one case would not be so in another case. However, under the facts of this case we do not think it can be said that the trial court erred in holding that the rescission had not

been made promptly. We have read and considered many of the numerous cases cited by appellant, and do not believe that any attempted review of those cases would serve any useful purpose.

After the court had announced its opinion that the evidence would not establish a rescission, the trial proceeded upon the theory that this was an action to recover damages on account of the alleged fraud. The complaint was based upon the alleged fraudulent and dishonest acts of the defendants. See our former opinion. Among other things, the court instructed the jury that as a matter of law a fiduciary relation existed between the plaintiff and defendants, Benedict and Blomquist, and that on account of this relationship the law imposed upon these defendants the duty of taking no unfair advantage of the plaintiff in any transaction connected with the case. The appellant now complains because the questions of duress, menace, and undue influence were not submitted to the jury in the form contained in certain proposed instructions submitted by the appellant. Sufficient to say is that we have carefully reviewed the evidence and instructions, as given by the court, and we are of the opinion that the instructions fully and comprehensively submitted the issues to the jury, as those issues were framed by the pleadings and developed at the trial.

The appellant next complains that the will of the plaintiff's husband was before the jury, at the time of its consideration of this case, without having been admitted in evidence. Appellant offered, and there was received as evidence, Exhibit 175, which was the inheritance tax report made in connection with the proceedings in the estate of appellant's husband. Upon the motion for a new trial a great number of affidavits were submitted in connection with this will being before the jury. The clerk of courts, in the county in which the action was tried, made an affidavit to the effect that it was he who produced Exhibit No. 175 at the request of counsel for appellant and that at the time he testified concerning the same, and when it was admitted in evidence, there was attached to it, and as a part of it, a copy of the said will, and that the exhibit was in the same condition when he received it back from the jury. We are of the opinion that the trial court was justified in concluding that the copy of the said will had been a part of exhibit 175, and that this was offered and received on

behalf of the appellant. There was no error in denying the motion for a new trial because of this occurrence.

■ The appellant further contends that there was misconduct on the part of the jury in arriving at its verdict, and in connection therewith submits the affidavits of several of the jurors. However, this court has established by a long line of decisions that the evidence of the jurors will not be received to impeach the jury's verdict. See Murphy v. Murphy, 1 S. D. 316, 47 N. W. 142, 9 L. R. A. 820; Thompson v. Gunderson, 10 S. D. 42, 71 N. W. 764; Long v. Collins, 12 S. D. 621, 82 N. W. 95; Ewing v. Lunn, 22 S. D. 95, 115 N. W. 527; State v. English, 41 S. D. 560, 172 N. W. 116; Brown v. Draeger, 51 S. D. 190, 212 N. W. 869.

We have carefully reviewed the many other assignments of error, and find nothing therein prejudicial to the rights of this appellant. We are convinced that the plaintiff had a fair and impartial trial; that the matter was fairly and comprehensively submitted to the jury; and that the jury's verdict is final.

The judgment and order appealed from are affirmed.

POLLEY, CAMPBELL, ROBERTS, and WARREN, JJ., concur.