PEPPY MASSLER, Appellant, v. MARGARET SMIT, Respondent.—

The order of March 19, 1951, is modified, as to subdivision numbered 6 of the first ordering paragraph thereof, by inserting between the words "price" and "recovering" the following: "and the interest of $383.14 on the sum paid for amortization"; by striking out the words "with interest" where they appear immediately after the word "mortgages"; by striking out the following: "$4,032.13 ($3,648.99 plus $383.14)," and substituting in place thereof: "$3,648.99"; by striking out the following: "or $3,648.99," where it appears immediately after the words "same period," and substituting in place thereof the following: "with interest, amounting to $4,032.13 ($3,648.99 plus $383.14)"; and by striking out the following: "$13,857.74 ($10,208.75 plus $3,648.99)," and substituting in place thereof the following: "$14,240.88 ($10,208.75 plus $4,032.13)." The said order is further modified by striking from the second ordering paragraph the following: "with interest, $4,032.13, or, in all, a total of $12,469.11," and substituting in place thereof the following: "$3,648.99, or, in all, a total of $12,085.97." As so modified, the order is unanimously affirmed, without costs. The judgment is modified on the law and the facts, as to the second decretal paragraph thereof, by striking out the following: "Twelve Thousand Four Hundred Sixty Nine and 11/100 dollars ($12,469.11)," and substituting in place thereof the following: "Twelve Thousand Eighty-Five and 97/100 dollars ($12,085.97); by striking out the figure "$4,032.13", and substituting in place thereof the figure "$3,648.99"; and by striking out the following: "with interest" and "with interest from November 17, 1950". As so modified, the judgment is unanimously affirmed, without costs. The appeal, insofar as it is from the "determination" of the trial court, the findings and conclusions and the referee's report, is dismissed, without costs. Fraud will vitiate any contract, regardless of the fact that the contract contains a provision to the effect that no representations have been made as an inducement to enter into the contract and that the party who claims the fraud entered into the contract with knowledge of the condition of the subject matter of the contract and agrees to accept the same "as is". (*Bridger* v. *Goldsmith*, 143 N. Y. 424; *Ernst Iron Works* v. *Duralith Corp.*, 270 N. Y. 165; *Angerosa* v. *White Co.*, 248 App. Div. 425; *Jackson* v. *State of New York*, 210 App. Div. 115.) However, we are of opinion that the findings of the trial court to the effect that the defendant did not make the representations upon which plaintiff bases her claim of fraud are supported by the record. The interest

which respondent relinquished by electing to retain the net profits is not limited to what is stated to be the balance of the purchase price, but includes interest on the amortization payments. Present — Nolan, P. J., Carswell, Johnston, Wenzel and Schmidt, JJ.