NORTHWEST REALTY COMPANY, a corporation, Plaintiff and Appellant,

v.

John M. CARTER and Isabelle L. Carter, Defendants and Appellees.

Nos. 13870, 13872.

Supreme Court of South Dakota.

Argued Feb. 15, 1983.

Decided Sept. 28, 1983.

Scott N. Heidepriem and Herbert A. Heidepriem of Heidepriem, Widmayer & Campbell, Miller, for plaintiff and appellant.

Thomas E. Brady of Richards, Hood & Brady, Spearfish, for defendants and appellees.

MORGAN, Justice.

This is an appeal from a judgment rescinding a contract for deed. Northwest Realty Company (Northwest), appellee, initiated this action seeking money judgment against John and Isabelle Carter (Carters), appellants. Trial court ordered rescission of the contract for deed and Northwest appeals. We affirm.

On September 30, 1978, Northwest offered the property in question for sale by auction. A sales brochure distributed at the auction stated that the property consisting of approximately one hundred acres had a thirty-five-foot well and had "excellent potential as a small horse ranch, dude ranch, church or organizational camp headquarters, or many beautiful building sites for individuals desiring a seasonal or permanent home." Carters, who attended the auction, bid on the property and then entered into a contract for deed to purchase this property. The contract for deed provided for $3,000 down payment with the balance of $75,000 to be paid in five years. Shortly thereafter, in October of 1978, Carters moved onto the property. In the spring of 1979, the first problems with the water occurred when the well went dry. Subsequently, as Carters testified at trial, there was not always enough water for domestic use or all their intended needs. Carters also had problems with the sewer system, which consisted of a hole ten feet in diameter and three feet deep. Although they noticed the sewer lagoon on the day of the auction, they did not realize that it was on Forest Service land until the spring of 1979. Apparently, due to the grade of the property and code requirements for sewer and water systems, this lagoon could only be located in its present site.

In addition to the $3,000 down payment, Carters paid $7,125 interest in October of 1979. After Carters' failure to make the interest payment due October 1, 1980, they attempted to renegotiate the contract for deed with Northwest. Negotiations failed and Carters moved off the property in April of 1981. Northwest then initiated this action for the amount due under this contract. Carters answered and counterclaimed, requesting rescission of the contract based on the inadequacy of the water supply and the defective sewer system. The trial court refused rescission based upon the inadequate water supply but granted rescission due to the defective sewer system and allowed Northwest to retain the $10,125 already received from Carters as rental for the use of the property. Northwest appeals and Carters filed a notice of review.

On appeal, Northwest contends that Carters waived their right to object to the sewer and water system, that the evidence does not support the conclusion that the sewer system was defective, and that an adequate remedy at law exists to preclude the extraordinary remedy of rescission.

Initially, we examine whether Carters waived their right to rescission based upon the defective sewer and water systems. "'A "waiver" is a voluntary abandonment of a known existing right....'" *Hood v. Sioux Steel Co.,* 67 S.D. 1, 7, 287 N.W. 636, 639 (1939) (citation omitted). *See also Babcock v. McKee,* 70 S.D. 442, 18 N.W.2d 750 (1945). Here, Carters acquired the right to rescission through SDCL 21–12–1 and SDCL 53–11–2.[1] Northwest argues that

---

1. This court has held the grounds for legal rescission, SDCL 53–11–2 are incorporated into the grounds for equitable rescission, SDCL 21–12–1. SDCL 21–12–1 provides:

    The rescission of a written contract may be adjudged on the application of a party aggrieved:
    (1) In any of the cases mentioned in § 53–11–2;
    (2) Where the contract is unlawful, for causes not apparent upon its face, and the parties were not equally in fault;

    (3) When the public interest will be prejudiced by permitting it to stand.
    SDCL 53–11–2 provides:
    A party to a contract may rescind the same in the following cases only:
    (1) If consent of the party rescinding or of any party jointly contracting with him was given by mistake or obtained through duress, fraud, or undue influence exercised by or with the connivance of the party as to whom he rescinds, or of any other party to the contract jointly interested with such party;

when Carters made the interest payment in October 1979 and remained on the property until April 1981 they waived the right to rescind this contract. We disagree.

■ Carters discovered the problems with the water in the spring of 1979. Although the sales brochure represented that the water was adequate for a ranch, camp headquarters or home sites for many individuals, the well went dry with only Carters' domestic use. Notwithstanding the defective water system, Carters made the $7,125 interest payment in October 1979. This payment by Carters, after discovering the misrepresentations as to the water system, waives the right to rescission due to the defective water system. The trial court so held, and we agree and affirm the trial court as to that issue on notice of review.

The facts regarding the sewer system, however, result in a different conclusion. Prior to entering into the contract with Carters, Northwest constructed the sewer lagoon for use by the possessor of the property in question. Northwest, however, constructed the sewer lagoon on the adjoining property, which is owned by the United States Government, but did not acquire the requisite permits from the federal government to allow such use of federal property. On the day of the auction, Carters noticed the hole ten feet in diameter and three feet deep but were not aware that it was a sewer lagoon. Approximately one year later, in the fall of 1979, Carters learned that the hole was a sewer lagoon and discovered that it was located on federal property. Not until November, 1981, shortly before trial, did Carters learn that Northwest had failed to obtain a permit or an easement which would allow the location of the sewer lagoon on federal property.

■ Northwest argues that since Carters learned of the location of the sewer lagoon in the fall of 1979 the payment of interest on October 1, 1979, waived their right to rescission. This argument fails, however, since the crucial deficiency of the sewer lagoon, in addition to its location on federal property, was the lack of permit to authorize its location on federal property. Carters did not learn of this deficiency until November 1981 and consequently the interest payment in October 1979 could not waive their right of rescission.

Northwest then argues that Carters did not rescind promptly after discovering the facts which permitted them to rescind. This argument also fails.

■ Failure to rescind promptly after discovering the fraud precludes rescission. *Sabbagh v. Professional & Business Men's Life Ins. Co.,* 79 S.D. 615, 116 N.W.2d 513 (1962). This court has several times discussed timeliness of rescission of a contract. In *Jones v. Bohn,* 311 N.W.2d 211 (S.D. 1981), the purchasers of a house with severe settling problems sought rescission of the contract. There, this court held that notification of rescission seven months after noticing the problem constituted reasonable diligence. Also, in *Halvorson v. Birkland,* 84 S.D. 328, 171 N.W.2d 77 (1969), this court reviewed an action for rescission of a contract for the purchase of a trailer court where the seller did not have title to certain land included in the contract. In *Halvorson,* although two years passed between knowledge of the defect and notice of rescission, this court granted rescission of the contract. Similarly, in *Beatty v. Depue,* 78 S.D. 395, 103 N.W.2d 187 (1960), the purchaser sought rescission where the seller did not have title to part of the acreage. There, although one and one-half years lapsed between knowledge and notice to rescind, this court held the notice of rescission was timely. *See* Annot. 1 A.L.R.3d 542 (1965).

■ Here, the fact which entitles Carters to rescind is that the sewer lagoon is located on federal property without the requisite

(2) If through fault of the party as to whom he rescinds, the consideration for his obligation fails in whole or in part;
(3) If the consideration becomes entirely void from any cause;

(4) If such consideration before it is rendered to him fails in a material respect from any cause; or
(5) By consent of all the other parties.

permit authorizing its location there. Carters only learned this fact in November 1981 shortly before trial. The greatest period of time which could have elapsed between Carters learning this fact and notifying Northwest was one month. Certainly, a one-month period of time between knowledge and rescission constitutes prompt rescission.

Northwest next contends that the evidence does not support the trial court's conclusion that the sewer system was defective. We have noted numerous times that when the sufficiency of evidence to sustain findings is urged on appeal this court must view the record in the light most favorable to the prevailing party, and all conflicts in the evidence must be resolved in favor of the prevailing party. *Connelly v. Sherwood*, 268 N.W.2d 140 (S.D.1978).

■ Northwest argues that the record does not show that the federal government has legal authority to issue a permit and does not show that, even if such authority exists, the federal government would have issued such a permit. However, the authority of the federal government and whether it would issue such a permit is not in question here. Northwest fails to note the crucial fact that the sewer lagoon was located on property which Northwest neither owned nor had permission to use. Further, prior to selling this property to Carters, Northwest neither corrected the situation nor informed Carters of the status of the sewer lagoon. Under the specific circumstances we have before us, the fact that the sewer lagoon is located on adjacent property without the adjacent property owner's permission constitutes a defect in the sewer lagoon, since at any time the adjacent property owner could demand its removal from the property. Further, Northwest's failure to inform Carters of the nonownership and nonpermission status of the lagoon is a misrepresentation of a material aspect of the contract. In reviewing the record in the light most favorable to Carters, the prevail-

ing party, we hold that the evidence clearly supports the trial court's conclusion that the sewer system was defective.

We now turn to Northwest's final contention, that the existence of an adequate remedy at law precludes rescission. We first must distinguish between rescission as an equitable remedy and rescission as a legal remedy. In *Skoglund v. Staab*, 312 N.W.2d 29 (S.D.1981), we stated, "[r]escission is equitable if the complaint asks the court to order rescission of a contract. It is legal, if the court is asked to enforce a completed rescission." 312 N.W.2d at 31 (citations omitted). *See Jones v. Bohn, supra; Sabbagh v. Professional & Business Men's Life Ins. Co., supra*. Since here the defendants in their pleadings requested the court to enter a judgment of rescission, this is an action in equity.

■ Generally, equity will not take jurisdiction to declare a rescission where a party has an adequate and complete remedy at law. *Holzworth v. Roth*, 78 S.D. 287, 101 N.W.2d 393 (1960); *Life Benefit, Inc. v. Forbragd*, 68 S.D. 38, 298 N.W. 259 (1941). Further, although a party may not rescind if he has an adequate remedy at law, the party is entitled to rescission in case of a breach going to the very basis of the contract. *Dusek v. Reese*, 80 S.D. 96, 119 N.W.2d 656 (1963); Annot. 96 A.L.R.2d 162 (1962). Northwest contends that the sewer lagoon "could have easily and inexpensively been moved to the Carter land by having a bend in the pipe either to the right or the left immediately inside the fence." Appellant's brief at 15. Northwest admits it could be liable for these costs.

■ According to the record, however, such a move would place the sewer lagoon in too close proximity to the water well.[2] Due to the grade of the property and code requirements for sewer and water systems, this sewer lagoon could be located only in its present site. Since the sewer lagoon cannot be relocated, no amount can com-

---

**2.** George Bland who installed the sewer lagoon for Sheldon Reese, President of Northwest Realty, testified that the sewer lagoon was placed at this location so as not to violate state regulations as to the distance a lagoon must be from a well.

pensate Carters for this defect in the sewer system. Accordingly, Carters do not have an adequate remedy at law barring the remedy of rescission and the trial court was correct in granting rescission.

We affirm the judgment of the trial court in all respects.

All the Justices concur.