Gary M. HOLMES and Rose M.
Holmes, Plaintiffs and
Appellees,

v.

Joseph COUTURIER and Barbara
Couturier, Defendants and
Appellants.

Nos. 16687, 16711.

Supreme Court of South Dakota.

Argued Jan. 9, 1990.
Decided Feb. 28, 1990.

Reed C. Richards of Richards & Richards, Deadwood, for defendants and appellants.

Herman B. Walker, Rapid City, for plaintiffs and appellees.

SABERS, Justice.

Joseph and Barbara Couturier (Couturier), owners and sellers of the Whitetail Court and Campground (Campground), appeal from a judgment rescinding the contract for the purchase of the Campground by buyers, Gary and Rose Holmes (Holmes).

### Facts

Couturier listed the Campground for sale in 1984. During the summer of 1987 Holmes became interested in purchasing the property and in September of that year spent several hours inspecting the property. On December 19, 1987, Couturier and Holmes agreed upon a purchase price of $172,000. They also agreed to close the transaction on or before May 1, 1988. Prior to closing, Holmes stopped at the property several times. He inventoried the personal property during one of those visits. The transaction was closed on April 29, 1988, when the parties executed an installment purchase agreement.

By early June 1988, Holmes experienced problems with the sanitary and electrical systems. One septic tank had to be replaced and the others had to be repeatedly pumped. Electrical problems caused fuses to regularly blow out, resulting in at least daily power outages.

Couturier was served with a notice of rescission on June 10, 1988, and a summons and complaint on June 29, 1988. Holmes' complaint sought rescission of the purchase agreement on the basis of fraud.

A court trial was held in December 1988, resulting in a judgment in favor of Holmes. The trial court found that:

1) Holmes "could not have known the condition of the septic tanks, drain fields or electrical system since the components were underground and not observable;"

2) on several occasions Couturier "represented ... the sanitary, sewer and electrical systems to be adequate and in good working order;"

3) these representations by Couturier "were unfounded, untrue and known by [him] to be unfounded and untrue;"

4) Couturier made these representations "with intent to deceive and for the purpose of inducing [Holmes] to act upon the representation[s];"

5) Holmes "relied upon these representations ... concerning the quality, condition and effectiveness of the sanitary, sewer and electrical systems."

Couturier asserts four reasons why the court erred in granting rescission of the contract. We affirm on rescission.

### 1. Sufficient basis for rescission of the contract.

Couturier argues that rescission should not have been granted because any breach of the contract was insufficient to warrant rescission. Couturier misunderstands the basis for the court's judgment. The rescission was not granted because of a breach of the contract, but because of fraud. SDCL 53–11–2 provides, in part, that: "A party to a contract may rescind the same ... [i]f consent of the party rescinding ... was ... obtained through ... fraud ... exercised by ... the party as to whom he rescinds[.]" SDCL 53–4–5 defines actual fraud in relation to contracts to include "[t]he suggestion as a fact of that which is not true by one who does not believe it to be true" when the suggestion is made by a party to the contract "with intent to deceive another party thereto or to induce him to enter into the contract[.]"

The existence of fraud is a question of fact for the fact finder. SDCL 53–4–5; *Tri–State Ref. and Inv. Co., Inc. v. Apaloosa Co.*, 431 N.W.2d 311, 314 (S.D.1988). The trial court found that Couturier represented the condition of the sewer and electrical systems to be in good working order when he knew the statements were untrue, but made them anyway to deceive Holmes and induce him to enter into the contract. These findings are sufficient for rescission of the contract on the basis of fraud and this court will not reverse the trial court's findings unless they are clearly erroneous. *Smith v. Sponheim*, 399 N.W.2d 899 (S.D. 1987). Therefore, Couturier's discussion of a breach of the contract is irrelevant.

### 2. *Reasonable inquiry.*

■ Couturier next argues that the trial court should have denied rescission because Holmes failed to exercise reasonable inquiry into the condition of the property. Couturier confuses rescission based upon mistake of fact with rescission based upon fraud. While a party seeking rescission based upon mistake of fact must have exercised reasonable diligence, the same is not true for a party seeking rescission based upon fraud. "[N]egligence in trusting a representation will not excuse a positive wilful fraud[.]" *Omaha Nat'l Bk. v. Manufacturers Life Ins. Co.*, 213 Neb. 873, 882, 332 N.W.2d 196, 202 (1983); *see also Estate of Jones by Blume v. Kvamme*, 430 N.W.2d 188, 193 (Minn.Ct.App.1988), *aff'd in part, rev'd in part*, 449 N.W.2d 428 (Minn.1989) ("A person is justified in relying upon a false representation, although he might have ascertained its falsity had he made an investigation."); *Cedar Falls Bldg. Center, Inc. v. Vietor*, 365 N.W.2d 635, 639 (Iowa Ct.App.1985) ("When an individual acts on the representations of another and relies on them in good faith, he has no duty to further investigate[.]"). As long as Holmes relied upon the fraudulent representation of Couturier, the reasonableness of his inquiry is irrelevant.

### 3. *"As is" clause and parol evidence.*

■ Couturier claims the "as is" clause in the contract shifted the risk of any failure in the property to Holmes, and the parol evidence rule precludes the admission of evidence to prove otherwise. Couturier again misunderstands the impact of fraud on contracts. A provision in a contract that the buyer takes the property as is does not confer on the seller a general immunity from liability for fraud. *Lingsch v. Savage*, 213 Cal.App.2d 729, 29 Cal.Rptr. 201 (1963); *see also Massler v. Smit*, 279 A.D. 941, 943, 111 N.Y.S.2d 264, 266 (1952) ("Fraud will vitiate any contract, regardless of the fact that the contract contains a provision to the effect that ... the party who claims the fraud entered into the contract with knowledge of the condition of the subject matter of the contract and agrees to accept the same 'as is.' "); *Wolford v. Freeman*, 150 Neb. 537, 547, 35 N.W.2d 98, 103 (1948) (A contract provision that the buyer takes the property as is does not prevent fraudulent representations from invalidating the contract.). A seller may not contract for the right to perpetrate a fraud. Nor may the parol evidence rule be invoked "when it is sought to establish fraud as a ground for rescinding the contract." *Baker v. Jewell*, 77 S.D. 573, 577, 96 N.W.2d 299, 302 (1959). The "as is" clause in the purchase agreement does not shield Couturier from a claim of fraud, and Holmes is not precluded from introducing evidence of fraud.

### 4. *Monetary damages.*

■ Couturier claims Holmes is not entitled to rescission of the contract, but, "at most," was entitled to monetary damages. Once again, Couturier misunderstands the law of fraud. If a buyer has been defrauded, he has an election of remedies available to him. He can either rescind the contract, restore what he received and recover back what he paid, or he may affirm the agreement and sue for monetary damages. *Kerr v. Staufer*, 59 S.D. 83, 238 N.W. 156 (1931); *accord Lunscheon v. Wocknitz*, 21 S.D. 285, 111 N.W. 632 (1907); *Forker Solar, Inc. v. Knoblauch*, 224 Neb. 143, 396 N.W.2d 273 (1986). Holmes elected to rescind the contract, and having established

138

fraud, he is entitled to the remedy of his choice.

### 5. *Compensation to Couturier.*

 Couturier contends, and Holmes agrees, that the court erred in setting $400 a month as the value of Holmes' possession and use of the Campground. Couturier claims the amount is too low, while Holmes claims it is too high. Holmes also concedes that remand is necessary because no evidence on this point was presented at trial.

A judgment of rescission "should require plaintiffs to account and pay for the reasonable value of their use, occupation and possession of the [property] ... as an offset against their right to recover payments made under the contract." *Halvorson v. Birkland,* 84 S.D. 328, 333, 171 N.W.2d 77, 80 (1969). When rescission is granted on the basis of fraud, the reasonable value of the use, occupation, and possession of the property is measured by the lesser of net profits or rental value. As explained in 1 G. Palmer, *The Law of Restitution* § 3.14 at 319 (1978):

> [A] purchaser who has gone into possession will be held accountable in some manner for his use of the land, frequently by deduction of its reasonable rental value. If the subject matter of the sale was a business interest, for example a restaurant, the maximum benefit to the purchaser consists of his net profits from the operation of the business. He should never be held accountable for net profits in excess of rental value.... [I]f the net profits are less than rental value, he will be held accountable only for such profits. Or if there are no profits, there will be no deduction from his recovery.

(footnotes omitted); *see also LeTrace v. Elms,* 40 Or.App. 561, 564, 595 P.2d 1281, 1282 (1979) ("[B]uyers were only chargeable to the extent of the benefit actually derived from the use of the land during their occupation."). When commercial property includes residential housing, as here, separate values should be determined for each aspect of the property.

Since the court did not have evidence of rental values or Holmes' net profits, we remand for determination of the value of Holmes' occupation and use of the Campground.

### 6. *Denial of motion to amend complaint.*

By notice of review, Holmes claimed the court erred in denying his motion to amend his complaint during the trial to include problems with the roof. This position was expressly waived by Holmes' counsel during oral argument.

All the Justices concur.