The FARM CREDIT BANK OF OMAHA, a federally chartered corporation, Plaintiff and Appellee,

v.

Gladys MABERRY and Connie Van Bockern, Executrixes of the Estate of Daniel B. Garber, a/k/a Dan B. Garber, D.B. Garber and Daniel Garber, Esperanza Garber, Bennie Garber and the Small Business Administration, an agency of the government of the United States of America, Defendants,

and

Gary Garber and Gayle Garber, Defendants and Appellants.

Nos. 17840, 17905.

Supreme Court of South Dakota.

Considered on Briefs Jan. 12, 1993.

Decided March 31, 1993.

Brent Wilbur of May, Adam, Gerdes & Thompson, Pierre, for plaintiff and appellee.

James E. Carlon, Pierre, for defendants and appellants.

SABERS, Justice.

Farm Credit Bank of Omaha (FCBO) foreclosed against members on a real estate mortgage. Two members appeal. We affirm.

## FACTS

On May 28, 1981, Daniel B. Garber, Bennie Garber, and Gary Garber executed and delivered to FCBO a promissory note in the amount of $576,000.00. As security for the loan, Daniel Garber, Esperanza Garber, Bennie Garber, Gary Garber, and Gayle Garber (Garbers) executed a mortgage. According to the terms of the mortgage, the total debt became due immediately upon default. Garbers failed to make their

1986 loan payment. Apparently, Gary and Gayle Garber (Defendants) farmed the mortgaged property. They filed a Chapter 12 bankruptcy petition on December 29, 1986.

Defendants and FCBO stipulated to the value of the subject property as $165,-000.00 in the bankruptcy proceedings. Pursuant to the order approving the stipulation between the parties, FCBO's mortgage continued to exist until full payment of the $165,000, plus interest. In the event of a default, (after ten days notice to Defendants and their subsequent failure to cure that default,) the automatic stay would be lifted.

Defendants failed to make their December, 1990 payment, a default under the terms of the order. After providing notice, FCBO was granted relief from the automatic stay. According to the Order Granting Relief, FCBO was allowed to "take any action necessary to collect the entire amount of the indebtedness due and owing ... pursuant to the terms of the note and mortgage[.]" Defendants' motion to have the order reconsidered was denied and they did not appeal the order.

When a final demand for payment was made and Defendants failed to make the payment, FCBO declared the entire amount of the note due. FCBO filed a complaint, requesting entry of a judgment for the amount due and owing under the note and mortgage, a decree of foreclosure and special execution. Defendants * counterclaimed alleging FCBO breached their fiduciary duty to them as members of the coop.

The court granted FCBO's motion to bifurcate the trial. FCBO moved for partial summary judgment on the issue of the amount due FCBO. The trial court granted partial summary judgment in favor of FCBO. Final judgment was entered determining the total amount due and owing to be $460,693.15. FCBO moved for partial summary judgment on the counterclaim. Finding no genuine issue of material fact, the trial court granted partial summary

judgment in favor of FCBO. On appeal, Defendants raise two issues.

1. Whether genuine issues of material fact exist to preclude summary judgment regarding the amount of the debt owed to FCBO pursuant to the terms of the note and mortgage.

2. Whether genuine issues of material fact exist to preclude summary judgment against Defendants on their counterclaim?

"Our standard of review for a grant or denial of summary judgment is well settled." *Lamp v. First Nat'l Bank*, 496 N.W.2d 581, 583 (S.D.1993). A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." SDCL 15–6–56(c).

In reviewing a grant or a denial of summary judgment under SDCL 15–6–56(c), we must determine whether the moving party demonstrated the absence of any genuine issue of material fact and showed entitlement to judgment on the merits as a matter of law. The evidence must be viewed most favorably to the nonmoving party and reasonable doubts should be resolved against the moving party. The non-moving party, however, must present specific facts showing that a genuine, material issue for trial exists. Our task on appeal is to determine only whether a genuine issue of material fact exists and whether the law was correctly applied. If there exists any basis which supports the ruling of the trial court, affirmance of a summary judgment is proper.

*Lamp*, 496 N.W.2d at 583 (citation omitted).

Defendants argue that the stipulation in bankruptcy securing FCBO's claim in the amount of $165,000.00 is binding upon both parties in this foreclosure proceeding and

---

* Gary and Gayle Garber are the only parties involved in this appeal, as they are the only defendants who filed answers, counterclaimed, and appealed. FCBO filed an Affidavit of Default and obtained a default judgment against the remainder of the named defendants.

therefore, the entire amount due and owing is limited by this stipulation to $165,000.00.

In *Dewsnup v. Timm*, — U.S. —, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992), a Chapter 7 debtor argued that section 506(d) of the Bankruptcy Code allowed the reduction ("strip down") of a creditor's lien on real property to the value of the collateral when that value is less than the amount of the claim secured by the lien. The Court, in rejecting the debtor's argument, stated that it was "not convinced that Congress intended to depart from the pre-Code rule that liens pass through bankruptcy unaffected." *Dewsnup*, — U.S. at —, 112 S.Ct. at 778, 116 L.Ed.2d at 911.

The practical effect of petitioner's argument is to freeze the creditor's secured interest at the judicially determined valuation. By this approach, the creditor would lose the benefit of any increase in the value of the property by the time of the foreclosure sale. The increase would accrue to the benefit of the debtor, a result some of the parties describe as a "windfall."

We think, however, that the creditor's lien stays with the real property until the foreclosure. That is what was bargained for by the mortgagor and the mortgagee.... Any increase over the judicially determined valuation during bankruptcy rightly accrues to the benefit of the creditor, not to the benefit of the debtor[.]

*Id.* We find *In re Rott*, a Chapter 12 bankruptcy proceeding, directly on point and determinative of this issue.

If a debtor obtains confirmation of a plan, and the plan is ultimately complied with, the unsecured portion of a secured creditor's claim under Chapter 12 would generally be discharged once the plan is completed. *See* 11 U.S.C. § 1228. If payments to secured creditors become in default after the plan is completed, the secured creditor may then foreclose on the secured portion of its debt, but is prohibited from foreclosing on the discharged unsecured portion of its debt. However, *if payments under a plan are not completed, and the unsecured debt is not discharged, a secured creditor may foreclose on its original collateral to the extent of the entire debt secured by the mortgage, not just the secured portion.* If the Debtors in the instant case obtain confirmation of a plan, and complete payments thereunder, they will not be prejudiced by the initial mortgages being left in place. However, if the initial mortgages, and judgments of record, are deemed satisfied on the effective date of the plan, [the Creditor] may well be prejudiced.... While Chapter 11 provides for more liberal treatment of secured creditors' mortgages and liens, ... section 1225(a)(5)(B)(i) requires that *the [original] lien be retained,* not a lien.

*In re Rott*, 73 B.R. 366, 373–374 (Bankr. D.N.D.1987) (citation omitted) (emphasis in original) (emphasis added).

Since Defendants defaulted by failing to complete the plan payments, the unsecured portion of this debt is not discharged. FCBO is entitled to foreclose "to the extent of the entire debt secured by the mortgage, not just the secured portion." *Id.* at 374.

■ Defendants also argue that material issues of fact exist precluding summary judgment on Counts II and III of their counterclaim. Specifically, they allege that FCBO failed to deal fairly and in good faith and breached a fiduciary duty owed to them as members of the cooperative.

Throughout these proceedings, FCBO and Defendants have dealt with each other in their respective capacities of lender and borrowers. After years of such a relationship, which became adversarial upon Defendant's default and subsequent filing of bankruptcy, Defendants now claim that FCBO has a fiduciary responsibility to divulge confidential debtor information to them as members of its cooperative. While the Defendants have supplied authority acknowledging the existence of a fiduciary relationship between cooperatives and its member stockholders, they have failed to cite any authority to support an extension of this fiduciary relationship whereby a lender cooperative must divulge confidential information to an adversarial member borrower. We decline Defendants' invitation to extend the fiduciary relationship

between a cooperative and its members under these circumstances because their argument lacks authority and merit. SDCL 15–26A–60(6); *Nielsen v. McCabe*, 442 N.W.2d 477, 480 (S.D.1989) (citations omitted).

As indicated above, under the terms of the Order Granting Relief from the automatic stay, FCBO was allowed to "take any action necessary to collect the *entire amount of the indebtedness due and owing ... pursuant to the terms of the note and mortgage* [.]" (Emphasis added). There was only one note and mortgage. And this note and mortgage was retained throughout the bankruptcy. *See Rott*, 73 B.R. 366. FCBO, in its capacity as lender and as a member-owned farm credit system cooperative, was under no obligation to explain the terms of the Order to Defendants, their adversary. Defendants have failed to "present specific facts showing that a genuine, material issue for trial exists." *Lamp*, 496 N.W.2d at 583 (citation omitted). Summary judgment was appropriate.

MILLER, C.J., and WUEST, HENDERSON and AMUNDSON, JJ., concur.